H. McEVOY v. NIECE BROTHERS.

Decided March 29, 1899.

Landlord's Lien—Distress—Replevin.

Cotton subject to a landlord's lien, having been seized by a distress warrant, was replevied by giving the statutory bond to pay the judgment, and was then sold. The action having been dismissed and a second one commenced, held, that the lien was not released by the giving of the bond in the previous suit and the cotton was still liable to the landlord's claim.

APPEAL from the County Court of Hill County. Tried below before Hon. H. C. MORROW.

*Boyd & Frisby* and *Smith & Phillips*, for appellant.

*Wear & Parr*, for appellees.

KEY, Associate Justice.—This suit involves the title to four bales of cotton. Appellant bought the cotton from one Ratcliff, who was appellees' tenant, and had produced the cotton on the rented premises. Appellees had a landlord's lien on the cotton; and if their lien was not released by Ratcliff's replevying the cotton by giving a bond for the satisfaction of such judgment as appellees might obtain in accordance with the statute (article 3244), the judgment in this case should be affirmed.

The replevy bond was given in a former suit in which a distress warrant had been issued and levied on the cotton, which was dismissed before this action was brought. After the cotton had been restored to Ratcliff and before the former suit was dismissed, the latter sold it to appellant; and he contends in this case that the acceptance and approval by the proper officer of the replevy bond released appellees' lien, and when he thereafter purchased the cotton he took it free from such lien.

This contention seems to be supported by the reasons given in support of two decisions made by the former Court of Appeals. Carothers v. Wilkerson, 2 Willson C. C. sec. 353; Sexton v. Hindman, Id., sec. 462. These cases did not involve the identical question presented here, but they did involve a kindred question. However, they appear to conflict with the reasoning of our Supreme Court in Mitchell v. Bloom, 91 Texas, 635, and will not be followed in this case.

Besides, if it be conceded that a lien created by levy of process is discharged by a replevy of the property, if the bond required by statute is not for the forthcoming of the property, but for the satisfaction of the judgment, we see no reason for holding that such a bond would discharge the landlord's pre-existing lien, created by statute, and not by the levy of a distress warrant or other process.

The landlord's lien results from the relations of the parties and the terms of the statute; and while he may sue out a distress warrant to enforce it, this remedy is cumulative, and he may foreclose the lien without the issuance of such writ. Randall v. Rosenthal, 27 S. W. Rep., 906; Hamilton v. Kilpatrick, 29 S. W. Rep., 819.

*Affirmed.*